#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NEW MEXICO

**MAURICIO ARCHIE VARELA,**

       **Petitioner,**

vs.                                                     Civ. No. 07-0456 BB/LCS

**STANLEY MOYA, Warden,**
And the Attorney General of the
State of New Mexico,

       **Respondents.**

#### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Mauricio Archie Varela's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed May 9, 2007 (Doc. 1), and Respondents' Motion to Dismiss, filed August 20, 2007 (Doc. 16). Mr. Varela, currently incarcerated, attacks the Judgment and Sentence in the Sixth Judicial District, Silver City, State of New Mexico entered July 15, 1997 (Ex. A, Doc. 10) and amended April 3, 2000 (Ex. L, Doc. 10). Respondents seek dismissal, asserting that Mr. Varela has failed to state a claim pursuant to 28 U.S.C. § 2254. (Doc. 16.) The United States Magistrate Judge, having considered the Motion, the briefs, the record, relevant law, and being otherwise fully advised, finds that there is no need for an evidentiary hearing, and that Mr. Varela's petition is not well-taken and should be **DENIED**.

**I.     PROCEDURAL HISTORY**

Mr. Varela was convicted, following a jury trial in the Third Judicial District, Silver City, New Mexico, of three offenses: (1) accessory to first degree felony murder in violation of NMSA 1978 § 30-2-1(A)(2) and § 30-1-13, (2) accessory to shooting at a dwelling, a second degree felony in violation of NMSA 1978 § 30-3-8 and § 30-1-13, and (3) conspiracy to commit shooting at a dwelling in violation of NMSA 1978 § 30-28-2 and § 30-3-8.  (Ex. A, Doc. 10.) On July 15, 1997, Mr. Varela was sentenced to life imprisonment plus eighteen years, followed by two years of parole; his sentence was enhanced because the court determined that Mr. Varela is a Habitual Offender with three prior felony convictions, and because Counts II and III involved the use of a firearm.  *Id.*

Mr. Varela filed a direct appeal to the New Mexico Supreme Court on August 11, 1997 (Ex. B, Doc. 10), contending: (1) the Legislature did not intend to punish causing death by shooting at a dwelling under NMSA § 30-3-8; the trial court erred (2) in admitting the State's gang expert testimony and (3) in admitting impermissible impeachment and hearsay evidence; (4) his conviction for both felony murder and the predicate felony constitute a double jeopardy violation; (5) the trial court erred in enhancing his convictions for use of a firearm; (6) causing death by shooting at a dwelling is not a crime that one can conspire to commit; (7) the trial court erred in submitting to the jury a second degree murder instruction that failed to incorporate accessory language; and (8) his convictions are not supported by sufficient evidence.  (Ex. J, Doc. 10.)

On December 13, 1999, the New Mexico Supreme Court entered an Opinion affirming the felony murder and conspiracy convictions, and vacating on double jeopardy grounds the

conviction for shooting at a dwelling and the firearm enhancements.  *Id*.  The case was remanded for resentencing (Ex. K, Doc. 10), and, on April 3, 2000, the state district court amended Mr. Varela's sentence to life imprisonment plus eleven years, followed by one year of parole (Ex. L, Doc. 10).

Mr. Varela filed his state habeas petition on March 1, 2001 (Ex. M, Doc. 10), then amended it on May 18, 2005 (Ex. N, Doc. 10).  The state district court denied the amended petition on October 6, 2006.  (Ex. P, Doc. 10).  On October 23, 2006, Mr. Varela requested that the court clarify the record and reconsider one of the issues (Ex. Q, Doc. 10); the court denied this request on October 25, 2006 (Ex. R, Doc. 10).  Mr. Varela's petition for writ of certiorari to the New Mexico Supreme Court was denied on April 9, 2007.  (Ex. U, Doc. 10.)

On May 5, 2007, Mr. Varela timely filed his petition for federal habeas relief in this Court, alleging: (1) that his due process rights were violated by a retroactive application of "death" as "great bodily harm" under NMSA § 30-3-8; (2) that a confrontation clause violation occurred when the state trial court admitted a prior written statement of a state witness who testified at trial; and (3) that his trial counsel was ineffective for failing to object to the admission of that statement on Confrontation Clause grounds.[1]  (Doc. 1.)  Mr. Varela's petition is timely, and, as Respondents acknowledge in their answer, his claims have been fully exhausted in the New Mexico state courts.  (*See* Doc. 10.)  On August 20, 2007, Respondents moved to dismiss on the grounds that Mr. Varela's application fails to state a cognizable federal claim under 28 U.S.C. § 2254.  (Doc. 16.)

---

[1] This issue is implied, though not specifically raised, in Mr. Varela's application.  (Doc. 1.)  Because allegations of pro se petitioners are held to less stringent standards than formal pleadings drafted by lawyers, the Court will consider it.  *See Haines v. Kerner*, 404 U.S. 519 at 520-21 (1972).

## II.     STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the Court's review of Mr. Varela's application. 28 U.S.C. § 2254(d). Under the AEDPA, the appropriate standard of review for a particular claim is determined by the state courts' treatment of that claim. *Welch v. Sirmons*, 451 F.3d 675, 682 (10th Cir. 2006). If a state court has not addressed a claim on the merits, *de novo* review is appropriate. *Id*. But if a state court has addressed a claim on the merits, a federal court may not grant an application for a writ of habeas corpus unless the state decision was (1) "contrary to" or an "unreasonable application" of "clearly established" federal law, as determined by the Supreme Court, or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" federal law if it "'arrives at a conclusion opposite to that reached by the Supreme Court on a question of law'" or "'decides a case differently than the Court has on a set of materially indistinguishable facts.'" *Young v. Sirmons*, 486 F.3d 655, 662-63 (10th Cir. 2007) (quoting *Torres v. Lytle*, 461 F.3d 1303, 1311 (10th Cir. 2006)). When reviewing a state court's summary disposition, the focus is on the result rather than any reasoning. *Stevens v. Ortiz*, 465 F.3d 1229, 1235 (2006). However, when reviewing fully reasoned opinions, "this circuit has not focused solely on the result 'where the state court's explicit *reasoning* contravenes Supreme Court precedent.'" *Id*. (quoting *Brown v. Uphoff*, 381 F.3d 1219, 1225 (10th Cir. 2004), *cert denied*, 543 U.S. 1079 (2006)).

A state court decision is an "unreasonable application" of federal law if it "'correctly identifies the governing legal principle from the Supreme Court's decisions but unreasonably

4

applies that principle to the facts of the prisoner's case." *Young*, 486 F.3d at 663 (quoting *Torres*, 461 F.3d at 1131). "'[A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable.'" *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)). Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application was also objectively unreasonable. *Id.*

A state court decision rests on an "unreasonable determination of the facts" where a petitioner shows by "clear and convincing evidence" that a factual finding is erroneous. *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005). Otherwise, factual findings are presumed correct. 28 U.S.C. § 2254(e)(2).

Only federal constitutional principles clearly established at the time of the conviction are relevant. *Allen v. Reed*, 427 F.3d 767, 774 (10th Cir. 2005); *see also Teague v. Lane*, 489 U.S. 288 (1989). Moreover, even if application of the above standard does not preclude further review by the federal court and even if a constitutional violation is found, habeas relief may not issue unless the violation is of the sort that warrants such relief. *Williams*, 529 U.S. at 375.

### III.    ANALYSIS

#### DUE PROCESS

In his first ground, Mr. Varela argues that his right to due process of law under the Fourteenth Amendment was violated by a retroactive application of "death" as "great bodily harm" under NMSA 1978 § 30-3-8. (Doc. 1.) Specifically, Mr. Varela contends that the statute, properly construed, does not include a shooting at a dwelling that results in death, and that its use

in a felony murder prosecution could not have been foreseen. *Id.* An identical claim was included in Mr. Varella's state habeas petition, but was never addressed on the merits. (Ex. P, Doc. 10.) Accordingly, this claim will be reviewed *de novo*. *Sirmons*, 451 F.3d at 682.

"[A] criminal statute must give fair warning of the conduct that it makes a crime," and a deprivation of fair warning can result from "vague statutory language," or from "an unforeseeable and retroactive judicial expansion of narrow and precise statutory language." *Bouie v. City of Columbia*, 378 U.S. at 347, 350-52 (1964); *see also Rogers v. Tennessee*, 532 U.S. 451, 457 (2000). However, "[d]ue process limitations on the retroactive applications of judicial interpretations of criminal statutes only apply to those decisions that are unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." *United States v. Herula*, 464 F.3d 1132, 1138 (10th Cir. 2006) (quotation omitted). Accordingly, the issue here is whether construing NMSA § 30-3-8 to include a shooting at a dwelling that causes death was "unexpected and indefensible" in light of the law as it existed when Mr. Varella committed the crime for which he was convicted. *Id.* After reviewing the statutory framework, I conclude that it was not.

NMSA 1978 § 30-3-8 describes the underlying felony that served as the basis for Mr. Varella's felony murder conviction; it provides:

> Shooting at a dwelling or occupied building consists of willfully discharging a firearm at a dwelling or occupied building. Whoever commits shooting at a dwelling or occupied building that does not result in great bodily harm to another person is guilty of a fourth degree felony. Whoever commits shooting at a dwelling or occupied building that results in injury to another person is guilty of a third degree felony. Whoever commits shooting at a dwelling or occupied building that results in great bodily harm to another person is guilty of a second degree felony.

As the New Mexico Supreme Court notes, the statute, on its face, seems to prohibit any shooting at a dwelling or occupied building, then create three levels of punishment based on the consequences of a particular incident. (Ex. J at 5, Doc. 10.) If this is the case, then it follows that those three categories are exhaustive, and that causing death by shooting at a dwelling, while not specifically mentioned in the statute, must necessarily fall into one. Thus, the statutory construction at issue cannot be considered "unexpected and indefensible;" instead, it is consistent with the plain meaning of the text. *Herula*, 464 F.3d at 1138.

Further, the New Mexico Supreme Court's conclusion that evidence of death could support a jury finding on the element of great bodily harm was not "unexpected and indefensible" against the backdrop of prior New Mexico law. In particular, NMSA 1978 § 30-1-12(A) defines great bodily harm as an injury that creates a high probability of death, which could easily include a gunshot wound that does in fact cause death. And in a case decided more than twenty years before the conduct at issue, the New Mexico Supreme Court, albeit in a different context, held that "as a matter of common sense . . . death clearly and exclusively falls within the definition of 'great bodily harm.'" *State v. Keyonnie*, 571 P.2d 413, 415 (1977).

### CONFRONTATION CLAUSE

In his second ground, Mr. Varela contends that a Confrontation Clause violation occurred when the state trial court admitted a prior written statement of a state witness who testified at trial. (Doc. 1.) The statement in question, a description of events given to the police by another participant in the shooting, was admitted into evidence under the "against penal interest" exception to the hearsay rule after its declarant, Michael Gonzales, testified to a lack of memory of creating the statement. (Ex. J at 2, 12-13, Doc. 10.) On direct appeal, the New

Mexico Supreme Court concluded that the trial court erred in determining that Mr. Gonzalez was "unavailable" within the meaning of Rule 11-804(A), but found that the error was harmless because the writing's contents were not inconsistent with Gonzales' trial testimony.  (*Id*. at 13-14.)

This claim was also included in Mr. Varela's state habeas petition, and the state court found that it lacked merit.  (Ex. P at 4, Doc. 10.)  Specifically, the state court held the statement's admission did not violate the Confrontation Clause because Michael Gonzales testified at trial.  *Id*.  Mr. Varela raised the issue again in his motion to clarify, arguing that the case of *Lilly v. Virginia*, 527 U.S. 116 (1999), applies to his claim.  (Ex. Q at 2-3, Doc. 10.)  The state court denied the motion as well, explaining that *Lilly* is factually distinguishable because there the co-conspirator whose statement was introduced *did not* testify at trial.  (Ex. R, Doc. 10.)  After reviewing the applicable case law, I am unable to find fault with the state court's analysis.

Decades ago, the Supreme Court clarified that "where the declarant is not absent, but is present to testify and to submit to cross-examination . . . the admission of his out-of-court statement does not create a confrontation problem."  *California v. Green*, 399 U.S. 149, 162 (1970).  Moreover, the Court explained, it does not matter whether the witness testifies in a manner consistent with his prior testimony, claims a loss of memory, claims his privilege against compulsory self-incrimination, or simply refuses to answer – as long as he takes the stand, nothing in the Confrontation Cause prohibits the State from also relying on his prior testimony to prove its case.  *Id*. at 167-67.  "'The Confrontation Clause guarantees only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever

way, and to whatever extent, the defense might wish.'" *United States v. Owens*, 484 U.S. 554, 559 (1987) (*quoting Kentucky v. Stince*r, 482 U.S. 730, 739 (1987)).

Further, the state court is correct that *Lilly* is distinguishable from Mr. Varela's case. While both involve the admission of an accomplice's out-of-court statement on grounds that the statement was particularly reliable because it was against penal interest, a crucial distinction exists: there, the accomplice did not testify at trial and was not available for cross-examination; here, Mr. Gonzalez did testify at trial and was cross-examined by Mr. Varela. *Lilly,* 527 U.S. at 131-32.  Thus, the Supreme Court's holding, that an accused's rights under the Confrontation Clause are violated by the introduction of an accomplice's confession where the accomplice does not testify at trial, does not apply to Mr. Varela's case. *Id*.

### INEFFECTIVE ASSISTANCE

In his third ground, Mr. Varela asserts that his trial counsel was ineffective for failing to object to the admission of Mr. Gonzalez's out-of-court statement on Confrontation Clause grounds.  (Doc. 1.)  This claim was also denied by the state court, which held that "Petitioner's counsel cannot be deemed to have been ineffective for failing to make an objection on a ground that had no merit."  (Ex. R at 2, Doc. 10.)  After examining the relevant federal law, I cannot conclude that this decision was "contrary to" or "an unreasonable application of" within the meaning of the AEDPA.  28 U.S.C. § 2254(d)

To establish ineffective assistance of counsel, a habeas applicant must satisfy a two-part test.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  First, he must show that counsel's performance fell below an objective standard of reasonableness.  *Id*. at 688.  Second, he must show that there is a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different.  *Id*. at 694.  Where, as here, counsel fails to raise a meritless issue, his performance does not fall below an objective standard of reasonableness.  *See United States v. Dixon*, 1 F.3d 1080, 1083 n.5  (10th Cir. 1987).  Accordingly, Mr. Varela's ineffective assistance claim must fail.

### IV. RECOMMENDATION

It is hereby recommended that Respondents' motion to dismiss (Doc. 16) be **GRANTED**, and that Mr. Varela's petition for writ of habeas corpus (Doc. 1) be **DISMISSED** as without merit.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102.  A party must file objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**